Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
abacon@attorneysforconsumers.com

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TENLEY HARDIN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>    vs.<br><br>FIRST PACIFIC MARKETING, LTD, DIRECT TARGET GROUP, LLC, AND LINDSEY JOHNSON, an individual,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>3.  VIOLATIONS OF CALIFORNIA PENAL CODE § 632.7<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, TENLEY HARDIN ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this action for herself and others similarly situated seeking

damages and any other available legal or equitable remedies resulting from the illegal actions of FIRST PACIFIC MARKETING, LTD, DIRECT TARGET GROUP, LLC, AND LINDSEY JOHNSON, (collectively, "Defendants"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

2.       Plaintiff brings this action for herself and others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of FIRST PACIFIC MARKETING, LTD, DIRECT TARGET GROUP, LLC, AND LINDSEY JOHNSON, (collectively, "Defendants"), in knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone and recording Plaintiff's conversation with Defendant without notifying Plaintiff that the telephone conversation is being recorded in violation of California Penal Code § 632.7. California Penal Code § 632.7 prohibits one party to a telephone call from intentionally recording the conversation without the knowledge or consent of the other while the person being recorded is on a cellular telephone.  Penal Code § 632.7 is violated the moment the recording is made without the consent of all parties thereto, regardless of whether it is subsequently disclosed. The only intent required by Penal Code § 632 is that the act of recording itself be done intentionally. There is no requirement under California Penal Code § 632.7 that the communication be confidential.  Plaintiff alleges that Defendant continues to violate Penal Code § 632.7 by impermissibly recording its telephone conversations with California residents while said residents are on cellular telephones.

## JURISDICTION & VENUE

3.       Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, companies with their principal place of business and State of Incorporation in California and Washington state.  Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, Plaintiff also seeks the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to Penal Code § 637.2(a), which, when aggregated among a proposed class in the

thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4.     Venue is proper in the United States District Court for the Central District of California pursuant to *18 U.S.C. 1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the county of Los Angeles.

## PARTIES

5.     Plaintiff, TENLEY HARDIN ("Plaintiff"), is a natural person residing in California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

6.     Defendant, FIRST PACIFIC MARKETING, LTD, DIRECT TARGET GROUP, LLC, AND LINDSEY JOHNSON, ("Defendants"), are each a "person" as defined by *47 U.S.C. § 153 (10)*. At all relevant times herein, Defendant Lindsey Johnson is and was the owner of Defendant FIRST PACIFIC MARKETING, LTD.

7.     The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

8.     Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS

9.     At all times relevant, Plaintiff was a citizen of the State of California. Plaintiff

is, and at all times mentioned herein was, a "person" as defined by California Penal Code § 632(b).

10.     Beginning in and around 2015, Defendants contacted Plaintiff on her cellular telephone number ending in -2480, in an attempt to solicit its services as a small business lender.

11.     The phone calls, including but not limited to one phone call on April 21, 2015, between the Defendants and the Plaintiff were being recorded without Plaintiff's knowledge.

12.     Plaintiff had no reasonable expectation that the Plaintiff's telephone conversation with Defendants would be recorded because Defendants did not inform Plaintiff that they were recording at the onset of the call.

13.     Plaintiff was shocked to discovery that such a communication was being recorded by Defendants without Plaintiff's knowledge or consent.

14.     Plaintiff found Defendants' clandestine recording to be highly offensive.

15.     The conversation with Plaintiff on Plaintiff's cellular telephone, was without Plaintiff's knowledge or consent, recorded by Defendants, causing harm and damage to Plaintiff.  At no time during these calls did Plaintiff give consent for the telephone calls to be recorded.

16.     Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendants have had a policy and a practice of recording telephone conversations with consumers. Defendants' employees and agents are directed, trained and instructed to, and do, record telephone conversations with the public, including Plaintiff and other California residents.

17.     Plaintiff believes, and thereon alleges, that during the relevant time period, Defendants have had all of its calls to the public, including those California residents, recorded without the knowledge or consent of the public, including Plaintiff and other California residents.

18.     Defendants' conduct alleged herein constitutes violations of the right to privacy to the public, including Plaintiff and other California residents, and California Penal Code §

*630 et seq.*

19. Defendants used an "automated telephone dialing system," as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff.

20. Defendants' calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b) (1) (A)*.

21. Defendants' calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

22. Defendants never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## CLASS ACTION ALLEGATIONS (THE TCPA CLASS)

23. Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The TCPA Class") defined as follows:

> All persons within the United States who received any telephone call/s from Defendants or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice within the four years prior to the filling of the Complaint.

24. Plaintiff represents, and is a member of, The TCPA Class, consisting of All persons within the United States who received any telephone call from Defendants to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendants within the four years prior to the filing of this Complaint.

25. Defendants, its employees and agents are excluded from The TCPA Class. Plaintiff does not know the number of members in The TCPA Class, but believes the TCPA Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

26. The TCPA Class is so numerous that the individual joinder of all of its members

is impractical.  While the exact number and identities of The TCPA Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The TCPA Class includes thousands of members.  Plaintiff alleges that The TCPA Class members may be ascertained by the records maintained by Defendants.

27.   Plaintiff and members of The TCPA Class were harmed by the acts of Defendants in at least the following ways: Defendants illegally contacted Plaintiff and TCPA Class members via their cellular telephones thereby causing Plaintiff and TCPA Class members to incur certain charges or reduced telephone time for which Plaintiff and TCPA Class members had previously paid by having to retrieve or administer messages left by Defendants during those illegal calls, and invading the privacy of said Plaintiff and TCPA Class members.

28.   Common questions of fact and law exist as to all members of The TCPA Class which predominate over any questions affecting only individual members of The TCPA Class. These common legal and factual questions, which do not vary between TCPA Class members, and which may be determined without reference to the individual circumstances of any TCPA Class members, include, but are not limited to, the following:

a.   Whether, within the four years prior to the filing of this Complaint, Defendants made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a TCPA Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.   Whether Plaintiff and the TCPA Class members were damages thereby, and the extent of damages for such violation; and

c.   Whether Defendants should be enjoined from engaging in such conduct in the future.

29.   As a person that received numerous calls from Defendants using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express

consent, Plaintiff is asserting claims that are typical of The TCPA Class.

30.     Plaintiff will fairly and adequately protect the interests of the members of The TCPA Class.  Plaintiff has retained attorneys experienced in the prosecution of class actions.

31.     A class action is superior to other available methods of fair and efficient adjudication of the controversy, since individual litigation of the claims of all TCPA Class members is impracticable.  Even if every TCPA Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

32.     The prosecution of separate actions by individual TCPA Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the this TCPA Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party TCPA Class members to protect their interests.

33.     Defendants have acted or refused to act in respects generally applicable to The TCPA Class, thereby making appropriate final and injunctive relief with regard to the members of the TCPA Class as a whole.

## CLASS ACTION ALLEGATIONS (THE CALIFORNIA CLASS)

34.     Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the California Class").

35.     Plaintiff represents, and is a member of, the California Class, consisting of:

All persons in California whose inbound and outbound cellular telephone conversations were recorded without their consent by Defendants or its agent/s within the one year prior to the filing of the original Complaint in this action.

36.     Defendants and its employees or agents are excluded from the California Class. Plaintiff does not know the number of members in the California Class, but believes the California Class members number in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37.     This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the right to expand the California Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38.     The joinder of the California Class members is impractical and the disposition of their claims in the California Class action will provide substantial benefits both to the parties and to the court.  The California Class can be identified through Defendant's records or Defendants' agent's records.

39.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the California Class predominate over questions which may affect individual Class members, including the following:

    a.     Whether Defendants have a policy of recording incoming and/or outgoing calls;

    b.     Whether Defendants have a policy of recording incoming and/or outgoing calls initiated to a cellular telephone;

    c.     Whether Defendants disclose to callers and/or obtains their consent that their incoming and/or outgoing telephone conversations were being recorded;

    d.     Whether Defendants' policy of recording incoming and/or outgoing calls to cellular telephones constituted a violation of California Penal Code §§ 632.7; and 637;

e.       Whether Plaintiff, and the Class were damaged thereby, and

the extent of damages for such violations; and

f.       Whether Defendants should be enjoined from engaging in

such conduct in the future.

40.      Plaintiff is asserting claims that are typical of the California Class because every other member of the Class, like Plaintiff, was exposed to virtually identical conduct and are entitled to the greater of statutory damages of $2,500 per violation pursuant to California Penal Code § 632.7.

41.      Plaintiff is asserting claims that are typical of the California Class because every other member of the California Class, like Plaintiff, were exposed to virtually identical conduct and are entitled to the greater of statutory damages of $5,000 per violation or three times actual damages per violation pursuant to California Penal Code § 637.2(a).

42.      Plaintiff will fairly and adequately represent and protect the interests of the California Class in that Plaintiff has no interest antagonistic to any member of the California Class.

43.      Plaintiff and the members of the California Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct.  Absent a class action, the California Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct.  Because of the size of the individual California Class member's claims, few, if any, California Class members could afford to seek legal redress for the wrongs complained of herein.

44.      Plaintiff has retained counsel experienced in handling class action claims to further ensure such protection.

45.      A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an

individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

46.     Defendants have acted on grounds generally applicable to the California Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the California Class as a whole.

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

47.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-46.

48.     The foregoing acts and omissions of Defendants constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

49.     As a result of Defendants' negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the Class Members are entitled an award of $500.00  in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B).*

50.     Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

51.     Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-50.

52.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

53.     As a result of Defendants' knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff  and the Class members are entitled an award of $1,500.00 in statutory

1    damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. §*

2    *227(b)(3)(C)*.

3         54.    Plaintiff and the Class members are also entitled to and seek injunctive relief

4    prohibiting such conduct in the future.

### THIRD CAUSE OF ACTION

**Invasion of Privacy: Violation of Penal Code § 632**

7         55.    Plaintiff repeats and incorporates by reference into this cause of action the

8    allegations set forth above at Paragraphs 1-54.

9         56.    Californians have a constitutional right to privacy.  Moreover, the California

10   Supreme Court has definitively linked the constitutionally protected right to privacy within the

11   purpose, intent and specific protections of the Privacy Act, including specifically, Penal Code

12   § 632.  "In addition, California's explicit constitutional privacy provision (Cal. Const., 1 § 1)

13   was enacted in part specifically to protect California from overly intrusive business practices

14   that were seen to pose a significant and increasing threat to personal privacy. (Citations

15   omitted).  Thus, Plaintiff believes that California must be viewed as having a strong and

16   continuing interest in the full and vigorous application of the provisions of section 632

17   prohibiting the recording of telephone conversations without the knowledge or consent of all

18   parties to the conversation.

19        57.    California Penal Code § 632.7 prohibits in pertinent part "[e]very person who,

20   without the consent of all parties to a communication…intentionally records, or assists in

21   the…intentional recordation of, a communication transmitted between…a cellular radio

22   telephone and a landline telephone."  Thus, on its face, California Penal Code § 632.7

23   precludes the recording of all communications involving a cellular telephone.

24        58.    Though similar, California Penal Code § 632 and 632.7 are not duplicative and

25   protect separate rights.  California Penal Code § 632.7 grants a wider range of protection to

26   conversations where one participant uses a cellular phone or cordless phone.  For example, the

27   "confidential communication" requirement of California Penal Code § 632 is absent from

28   California Penal Code § 632.7.

59.     Defendant caused to be employed certain recording equipment on the telephone lines of all employees, officers, directors, and managers of Defendant.

60.     Plaintiff is informed and believes, and thereupon alleges, that all these devises were maintained and utilized to record each and every outgoing telephone conversation over said telephone lines.

61.     Said recording equipment was used to record the telephone conversations of Plaintiff and the members of the Class utilizing cellular telephones, all in violation of California Penal Code § 632.7.

62.     Based on the foregoing, Plaintiff and the members of the Class are entitled to, and below herein do pray for, their statutory remedies and damages, including but not limited to, those set forth in California Penal Code § 632.7; and California Penal Code § 637.2.

63.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiffs and the Class seek recovery of their attorney's fees pursuant to the private attorney general doctrine codified in Code of Civil Procedure § 1021.5, or any other statutory basis.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 et seq.

•       As a result of Defendants' negligent violations of *47 U.S.C. § 227(b)(1)*, Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

•       Injunctive Relief.

•       Any and all other relief that the Court deems just and proper.

///

///

///

1 | **SECOND CAUSE OF ACTION**

2 | **Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

3 | **47 U.S.C. §227 et seq.**

4 | • As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §*

5 | *227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as

6 | provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §*

7 | *227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

8 | • Injunctive Relief.

9 | • Any and all other relief that the Court deems just and proper.

10 | **THIRD CAUSE OF ACTION**

11 | **Invasion of Privacy: Violation of Penal Code § 632**

12 | • That this action be certified as a class action on behalf of the Class and Plaintiff

13 | be appointed as the representative of the Class;

14 | • For the greater of statutory damages of $5,000 per violation or three times actual

15 | damage per violation pursuant to Penal Code § 637.2(a) for Plaintiff and each member of the

16 | Class;

17 | • For $2,500 per violation of California Penal Code § 632.7 for Plaintiff and each

18 | member of the Class;

19 | • Injunctive relief in the form of an order prohibiting Defendant from unilaterally

20 | recording telephone conversations, without first informing and receiving consent from the other

21 | party to the conversation.

22 | • That the Court preliminarily and permanently enjoin Defendants from

23 | overhearing, recording, and listening to each and every oncoming and outgoing telephone

24 | conversation with California resident, including Plaintiff and the Class, without their prior

25 | consent, as required by California Penal Code § 630, et seq., and to maintain the confidentiality

26 | of the information of Plaintiff and the Class.

27 | • For general damages according to proof;

28 |

- For special damages according to proof;
- For costs of suit;
- For prejudgment interest at the legal rate;
- For attorney's fees and costs, pursuant to Cal. Code of Civ. Proc. § 1021.5; and,
- For such further relief as this Court deems necessary, just, and proper.

Respectfully Submitted this 27th Day of January, 2016.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By: s/ Todd Friedman_____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman
Attorneys for Plaintiff
tfriedman@attorneysforconsumers.com